**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jet Aviation Flight Services Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>7BD LLC, et al.,<br><br>Defendants. | No. CV-23-00059-PHX-DJH<br>No. CV-24-02645-PHX-SHD<br><br>**ORDER** |

    Defendants 7BD LLC and DePonte Investments Inc ("Defendants") have moved to consolidate this action with *7BD, LLC v. Jet Aviation Flight Services, Inc.*, 2:24-CV-02645-SHD (hereafter, the "Tort Action") pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42.1(a) and (b).  (Doc. 32).  Plaintiff Jet Aviation Service, Inc. ("Plaintiff") opposes consolidation to the extent it would frustrate judicial efficiency.  (Doc. 34).  Plaintiff says there is a fully briefed motion to dismiss pending in the Tort Action and points out that Defendants only sought to consolidate the matters after Judge Brnovich stayed discovery pending a decision on Jet Aviation's motion to dismiss.  (*Id.*)  Plaintiff also argues that if the matters are consolidated, they should be consolidated with Judge Brnovich who "may have more familiarity with the issues involved in this case given the recent motion practice."  (Doc. 34 at 8).  Plaintiff otherwise concedes that the relevant Rule 42(a) factors weigh in favor of consolidation.  (*Id.*)

    Rule 42(a)(2) of the Federal Rules of Civil Procedure states that if an action before the court "involves a common question of law or fact" the court may consolidate the

actions. Fed. R. Civ. P. 42(a)(2).[1] District courts have "broad discretion" under Rule 42 "to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). The Local Rules provide several factors that may be considered in determining the judge to whom the case or cases will be assigned, including: "(1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy." LRCiv 42.1(d).

Here, the breach of contract and fraudulent inducement claims in both cases arise from the parties' same contracts and agreements. The issues raised in both cases thus call for a determination of many of the same questions of law and fact. Consolidation would unquestionably avoid the risk of inconsistent rulings. Consolidate is therefore appropriate.

The Court also finds that consolidation is appropriate with the undersigned judge. This matter was filed in January of 2023 and stayed in August 2023 upon the parties' joint motion to stay pending arbitration (Docs. 22, 24). The Tort Action was removed to federal court on September 30, 2024, and discovery was stayed pending a ruling on the motion to dismiss by Judge Brnovich. (Tort Action, Docs. 1, 31). The Tort Action was then transferred to Judge Desai on February 10, 2025, who has not substantively ruled on any issue since that time. (Doc. 40). Accordingly, Plaintiff's position that the matter should be consolidated before Judge Brnovich due to her greater familiarity with the issues is not persuasive, as she is no longer the judge presiding over that matter. Though this Court did not have an opportunity to learn the issues before the parties went to arbitration, this matter was unquestionably filed first. In toto, the Court finds that it is more appropriately the lead case. *Hall v. Medicis Pharm. Corp.*, 2009 WL 648626, at *2 (D. Ariz. Mar. 11, 2009) (citing LRCiv 42.1) (assigning consolidated cases to the court who considered the motion for consolidation and was assigned the case that was filed first).

---

[1] In the District of Arizona, a motion to consolidate is "heard and decided, after consulting with the Judges assigned to the other affected cases, in the case with the lowest case number that is assigned to a District Judge." LRCiv 42.1(b). Undersigned has consulted with Judge Desai and Chief Judge Zipps and all agree that consolidation is appropriate.

Given the above, the Court finds that consolidation of the Tort Action with this action would be proper. Fed. R. Civ. P. 42(a).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Consolidate (Doc. 32) is granted. The Clerk of Court shall kindly consolidate *7BD, LLC v. Jet Aviation Flight Services, Inc.*, 2:24-CV-02645-SHD with this matter, under the case number 2:23-CV-00059-PHX-DJH. All future filings pertaining to these cases shall be file in this matter only.

Dated this 1st day of May, 2025.

Honorable Diane J. Humetewa
United States District Judge

- 3 -